# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JEREMY BRADLEY PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00041-RLW |
| ) | |
| FRANK GITTEMEIER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jeremy Bradley Pearson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will deny plaintiff's motion to appoint counsel at this time. The Court will also deny plaintiff's motion to amend because plaintiff has not provided a proposed amended complaint with the motion.

### Background

Plaintiff is a pro se litigant currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. On May 23, 2019, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming Frank Gittemeier and Charles Peepers as defendants. (Docket No. 1). The defendants were sued in both their individual and official capacities. Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis and a motion to appoint counsel. (Docket Nos. 2-3).

On July 12, 2019, plaintiff filed a motion for leave to amend his complaint. (Docket No. 4). In the motion, plaintiff states that he needs to amend his complaint to be "more specific to the actual event itself, what led up to it, the wrong committed to me, the [injury] and the relief that I am seeking." However, he did not attach a proposed amended complaint to his motion.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 5). The statement shows an average monthly deposit of $8.52. The Court will therefore assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing,*

146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

### Motion to Amend

Plaintiff has filed a motion to amend his complaint. (Docket No. 4). The motion will be denied because plaintiff has not provided a proposed amended complaint. The Court does not allow amendments to pleadings by supplementation or interlineation. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding "that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate").

If plaintiff wishes to amend his complaint, he must provide a copy of his proposed amended complaint along with the motion to amend. To that end, the Court will direct the Clerk of Court to send to plaintiff a copy of the Court's prisoner civil rights form. Plaintiff should fill out the form

3

in its entirety, following the directions contained therein. This should be attached to the motion to amend. Plaintiff will be given **thirty (30) days** in which to file a motion to amend, along with the proposed amended complaint. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.70 within **thirty (30)** days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30)** days from the date of this order in which to file his amended complaint on the Court-provided form, along with a motion to amend.

Dated this 16th day of July, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE