# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JEREMY BRADLEY PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00041-RLW |
| ) | |
| FRANK GITTEMEIER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Frank Gittemeier and Charles Peepers's motion to dismiss or, in the alternative, motion to strike and motion to require a more definite statement. (Docket No. 22). For the reasons discussed below, the Court will deny the motion.

### Background

Plaintiff is a pro se litigant who is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. On May 23, 2019, he filed a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). On July 29, 2019, plaintiff filed an amended complaint naming Frank Gittemeier and Charles Peepers as defendants. (Docket No. 12). Plaintiff accused Captain Gittemeier of excessive force, and Sergeant Peepers of failing to intervene and deliberate indifference to his medical needs. Defendants were sued in their individual capacities only.

The Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. The Court determined that plaintiff had alleged sufficient facts for the purposes of § 1915, and directed that Captain Gittemeier and Sergeant Peepers be served in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office. (Docket No. 17). On December 23,

2019, defendants filed a motion to dismiss or, in the alternative, motion to strike and motion to require a more definite statement. (Docket No. 22).

## Motion to Dismiss

Defendants' motion to dismiss is premised on several grounds. First, defendants argue that Captain Gittemeier and Sergeant Peepers are both entitled to qualified immunity because plaintiff has failed to sufficiently allege a violation of a clearly established statutory or constitutional right. Second, defendants assert that plaintiff's excessive force claim against Captain Gittemeier should be dismissed because Captain Gittemeier's use of force was in a good faith effort to restore discipline. Likewise, defendants state that the failure to intervene claim against Sergeant Peepers's should be dismissed for the same reason. Finally, defendants contend that plaintiff's deliberate indifference claim against Sergeant Peepers should be dismissed because Sergeant Peepers was not aware that plaintiff had any serious medical condition.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir.

2

2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

## Discussion

Defendants have moved to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed defendants' motion, as well as the memorandum filed in support. For the reasons discussed below, the motion to dismiss will be denied.

### A. Excessive Force Claim Against Captain Gittemeier

Defendants argue that the excessive force claim against Captain Gittemeier should be dismissed because Captain Gittemeier has not violated a clearly established constitutional right, and because Captain Gittemeier was attempting to gain plaintiff's compliance. Specifically, defendants contend that Captain Gittemeier was attempting to get plaintiff to remove an obstruction from a camera, which was important because plaintiff was on suicide watch. When told to remove the obstruction, plaintiff became disruptive, necessitating the use of force.

3

The Court disagrees with this argument for purposes of defendants' motion to dismiss. As noted in the Court's order reviewing plaintiff's amended complaint, the Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In his amended complaint, plaintiff alleges that Captain Gittemeier entered his cell and, without issuing any commands or warnings, discharged two cans of mace at him. Plaintiff asserts that he was in compliance and not posing a threat to others or himself. Shortly before this incident occurred, plaintiff had an interaction with Captain Gittemeier in which Gittemeier threatened to "set [plaintiff's] ass on fire." The Court must accept these allegations as true. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019) (stating that court must accept the allegations contained in the complaint as true, and make all reasonable inferences in favor of the plaintiff). Moreover, plaintiff has pled sufficient facts for the Court to reasonably infer that Captain

4

Gittemeier is liable for the alleged misconduct. *See Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (explaining that a "claim has sufficient facial plausibility to survive [a motion to dismiss] where the plaintiff has pled enough facts to allow the Court to reasonably infer that the defendant is liable for the alleged misconduct"). Even if Captain Gittemeier was trying to enforce order, plaintiff has alleged that Captain Gittemeier used more force than was necessary, and did so for the purpose of causing him harm. Therefore, defendants' motion to dismiss the excessive force claim against Captain Gittemeier will be denied.

### B. Failure to Intervene Claim Against Sergeant Peepers

Defendants assert that the failure to intervene claim against Sergeant Peepers must be dismissed because Sergeant Peepers has not violated a clearly established constitutional right. Furthermore, defendants argue that since Captain Gittemeier did not use excessive force against plaintiff, Sergeant Peepers cannot be liable for failing to intervene.

The Court disagrees with this argument for purposes of defendants' motion to dismiss. The Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). As such, under § 1983, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner*, 983 F.2d at 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

Defendants contend that Sergeant Peepers cannot be liable on a failure to intervene claim, since there was no constitutional violation by Captain Gittemeier requiring such intervention. However, as noted above, plaintiff's factual allegations are sufficient to support an excessive force claim against Captain Gittemeier. With regard to Sergeant Peepers, plaintiff alleges that Sergeant Peepers was present with a video camera but did not attempt to intervene or otherwise act to end the alleged assault. As noted above, plaintiff's factual allegations must be accepted as true. *Jones*, 915 F.3d at 499 (stating that court must accept the allegations contained in the complaint as true, and make all reasonable inferences in favor of the plaintiff). Therefore, defendants' motion to dismiss the failure to intervene claim against Sergeant Peepers will be denied.

## C. Deliberate Indifference Claim Against Sergeant Peepers

Defendants state that the deliberate indifference to medical needs claim against Sergeant Peepers must be dismissed because plaintiff's facts do not support the allegations. In particular, defendants argue that Sergeant Peepers was not aware of plaintiff having any serious medical condition.

The Court disagrees with this argument for purposes of defendants' motion to dismiss. To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional

6

interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To support this claim, plaintiff states that after being sprayed with mace, he began hyperventilating, had a seizure, and lost consciousness. When he regained consciousness, he was on the floor, and had injured his nose. Plaintiff alleges that he requested medical attention and explained the situation to Sergeant Peepers, including the fact that plaintiff was being treated for seizures. According to plaintiff, Sergeant Peepers responded by saying: "Well I didn't see it so [you're] beat." To plaintiff, this indicated Sergeant Peepers's intent to punish him by denying him medical care. After making this statement, Sergeant Peepers walked away.

Accepting these allegations as true, plaintiff has demonstrated that he advised Sergeant Peepers of the medical condition, and that Sergeant Peepers deliberately denied him care. The Court must accept these allegations as true, and grant plaintiff the benefit of all reasonable inferences that can be drawn from the allegations. *See Tovar v. Essential Health*, 857 F.3d 771, 774 (8th Cir. 2017). Moreover, when evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson*, 747 F.3d at 541. Therefore, defendants' motion to dismiss the deliberate indifference claim against Sergeant Peepers will be denied.

### D. Motion to Strike and Motion to Require a More Definite Statement

Along with their motion to dismiss, defendants have filed an alternative motion to strike and motion to require a more definite statement. Defendants argue that plaintiff's amended complaint contains multiple inappropriate statements regarding the intent and motivation of Captain Gittemeier and Sergeant Peepers, as well as material concerning non-parties to this action.

Defendants seek to have the Court strike these statements as scandalous and immaterial. Furthermore, defendants contend that the complaint is riddled with conclusory statements of law and fact that make them unable to prepare a proper response.

The Court has carefully reviewed plaintiff's amended complaint and finds that it is not so vague or ambiguous that defendants cannot reasonably frame a responsive pleading. *See* Fed. R. Civ. P. 12(e) (stating that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response"). Moreover, upon review of defendants' motion, and the memorandum in support of the motion, the Court notes that defendants have demonstrated the ability to articulate the claims in plaintiff's amended complaint. As such, it appears that defendants also have the ability to either admit or deny those claims in an answer. Therefore, the Court will deny plaintiff's motion to strike and motion to require a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (Docket No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file an answer within **fourteen (14) days** of the date of this order.

Dated this 5th day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE