# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JEREMY BRADLEY PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00041-RLW |
| | ) |
| FRANK GITTEMEIER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Jeremy Bradley Pearson's motion for relief. (Docket No. 27). For the reasons discussed below, the motion will be denied.

## Background

Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 on July 29, 2019. The amended complaint named Captain Frank Gittemeier and Sergeant Charles Peepers as defendants. On October 24, 2019, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915, and ordered the Clerk of Court to issue process on both defendants. (Docket No. 17).

Defendants filed a motion to dismiss on December 23, 2019. (Docket No. 22). On February 5, 2020, the Court denied defendants' motion to dismiss, and directed defendants to file an answer within fourteen days. (Docket No. 24). On February 18, 2020, plaintiff filed the instant motion. The following day, defendants filed their answer.

## The Motion

In his motion, plaintiff states that he is an ex-gang member, and that because of this status, he "would have to fight continuously" in any institution in which he is placed. (Docket No. 27 at

1). As such, he has been in protective custody at Moberly Correctional Center for approximately one year.

On February 11, 2020, plaintiff was notified that he was being transferred for "staff familiarity." (Docket No. 27 at 2). Plaintiff acknowledges it is probably in his best interest to transfer. Nevertheless, he has disputed the transfer as retaliatory, and has refused to sign the transfer paperwork. Despite his refusal, plaintiff asserts that the transfer will occur.

Plaintiff states that when he is transferred, he will be segregated in the "hole," greatly reducing his "ability to litigate." He asks the Court to "ensure that he is transferred to another protective custody institution where he can properly litigate in safety, without retaliation."

## Discussion

The Court has construed plaintiff's motion as a motion for preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated" and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility."

*Id.* at 521. Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.* The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Plaintiff has not met his burden of showing that he should be granted injunctive relief. There is no indication that he is in danger of irreparable harm. As the motion indicates, he has not yet been transferred, and any claim that he will not be able to properly litigate his case upon transfer is speculation only. While plaintiff has demonstrated no harm, there would be harm to the non-moving party if the Court intervened in a matter of prison administration without a stronger basis for such intervention. As noted above, judicial restraint is called for in this context. Finally, plaintiff has not established a probability that he would succeed on the merits. The allegations in his motion regarding retaliation are conclusory, and do not show that his constitutional rights have been violated. For these reasons, plaintiff's motion for relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief (Docket No. 27) is **DENIED**.

Dated this 21st day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3