**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| JEREMY BRADLEY PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-41 RLW |
| | ) | |
| FRANK GITTEMEIER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on several motions.  For the following reasons, the Court will grant Plaintiff Jeremy Bradley Pearson's Motion for Appointment of Counsel (ECF No. 40) and deny all other pending motions without prejudice.

**Background**

Plaintiff is a self-represented litigant currently incarcerated at the Moberly Correctional Center ("MCC") in Moberly, Missouri.  Plaintiff's Second Amended Complaint ("Complaint") (ECF No. 12)[1] asserts civil rights claims under 42 U.S.C. § 1983 against the Defendants in their individual capacities.  Plaintiff alleges that while he was on suicide watch on January 13, 2009, Correctional Officer Captain Frank Gittemeier used excessive force against him, Correctional Officer Sergeant Charles Peepers failed to intervene to prevent Defendant Gittemeier's use of excessive force, and following this use of force Defendant Peepers denied Plaintiff medical care.

---

[1]This document is titled "(1st) First Amended Complaint with 'Motion to Amend' in Compliance to Court's Memorandum and Order on the 16th day of July, 2019," but it is Plaintiff's second amended Complaint.  In the Memorandum and Order of October 24, 2019 (ECF No. 17), the Court stated that it was treating the amended complaint filed July 29, 2019, as the operative complaint, superseding the previous complaints, but also reviewed the exhibits attached to Plaintiff's original complaint, as Plaintiff had requested.  (<u>Id.</u> at 3.)

(ECF No. 12 at 2-6.)  See Mem. and Order of Oct. 24, 2019 (ECF No. 17 at 4-5) (summarizing Plaintiff's Complaint).

**Discovery Motions**

Plaintiff filed a Motion for Protective Order on July 16, 2020 (ECF No. 36).  The Motion states that Plaintiff submitted his First Request for Production of Documents to the Defendants in April 2020, and that Defendants failed to respond to Request No. 9.  Plaintiff asks the Court to issue a protective order with respect to Request Nos. 1-4, 6-10, and 12-13, which "are protected under §§ RSMo 217.075 and 610.021 but may be produced pursuant to a Protective Order." (ECF No. 36 at 2.)  Among other things, Plaintiff seeks to review video from January 13, 2009 from (1) a fixed camera located within MCC Wing 2-C which provides an image of the front of close observation cell 002-02C-00475 in which he was held, and (2) a handheld video camcorder used by Defendant Peepers to record the alleged excessive use of force by Defendant Gittemeier. Plaintiff did not provide the Court with a copy of either his First Request for Production of Documents or Defendants' response thereto, but instead lists what apparently are modified versions of his original requests for production in response to Defendants' objections.  (Id. at 3-4.)  Plaintiff did attach to the Motion a copy of a letter he sent to Defendants' counsel in an attempt to resolve Defendants' objections.  (ECF No. 36-1.)

Defendants oppose Plaintiff's Motion for Protective Order on the grounds that his requested conditions for a protective order do not adequately protect the safety and security of the staff and institutions of the Missouri Department of Corrections ("MDOC"), and his discovery requests as contained in the motion should be denied because they are not properly made within the framework of the Federal Rules of Civil Procedure and this Court's Local Rules. (ECF No. 38.)  Defendants state among other things that they informed Plaintiff the documents he requested are in the custody of the MDOC, a non-party to this case, and as such would need to

be subpoenaed from the MDOC.  See Rule 45, Fed. R. Civ. P.  Defendants also filed a Motion for Protective Order (ECF No. 39) along with a Proposed Protective Order (ECF No. 39-1).

Plaintiff's Motion for Protective Order will be denied without prejudice.  Plaintiff has not provided the Court with his First Request for Production of Documents to the Defendants or Defendants' responses and objections thereto.  Without this information, the Court cannot determine what is actually in dispute, i.e., what documents Plaintiff asked for, what documents Defendants provided or failed to provide in response, and the nature and basis of Defendants' objections to the requests.  The Defendants are correct that Plaintiff cannot modify his Rule 34 requests for production of documents by means of filing a motion with the Court.  Plaintiff's self-represented (pro se) status does not excuse him from the obligation to comply with the Federal Rules of Civil Procedure and the Local Rules.  See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.").

Defendants' Motion for Protective Order will also be denied without prejudice.  Because the Court does not know the specific documents sought by Plaintiff's Request for Production of Documents or the basis for Defendants' objections thereto, it is unable to determine whether the Defendants' proposed protective order is appropriate in scope or content, or whether it is unnecessarily broad.

**Plaintiff's Motion for Appointment of Counsel**

Plaintiff's fourth Motion for Appointment of Counsel asks the Court to appoint counsel because, despite his best efforts to obtain discovery to support his case, he is "completely 'lost'". (ECF No. 40 at 2.)  Plaintiff expresses concern that the Defendants will continue to object to his

discovery requests and/or assert privileges, and contends their proposed protective order would deny his access to material that would clearly support his claims.  Plaintiff asserts that a lawyer would greatly increase his ability to investigate the facts, secure evidence, and present his claims, and would "be able to do all of the matters a Protective Order restricts pro se inmates from doing."  (Id. at 3.)

Although the Court denied Plaintiff's prior motions to appoint counsel, "When a court has denied a motion for appointment of counsel, it should continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree."  Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993). Plaintiff appeared able to clearly present his claims in an efficient manner at early stages of the case.  Plaintiff's filings are clear and easily understood.  At this juncture, however, the Court concludes that Plaintiff and the Court would benefit from the assistance of counsel.  The legal issues presented in § 1983 cases can be complex, and it is apparent there will be conflicting testimony in this case.  Because Plaintiff is incarcerated and is not a lawyer, he has had and will continue to have difficulty investigating the factual basis of his claim despite his significant efforts to conduct discovery.  Moreover, the Court has found the allegations in the Complaint state a claim against the Defendants, see Memorandum and Order of February 5, 2020 (ECF No. 24) denying Defendants' Motion to Dismiss, and Plaintiff's claims are of a type which may not be readily resolved on a dispositive motion and may require a trial.  See Crozier for A.C. v. Westside Community Sch. Dist., 973 F.3d 882, 889-90 (8th Cir. 2020) (discussing factors relevant to appointment of counsel).  The Court will therefore grant Plaintiff's Motion for Appointment of Counsel.

**Motion for Extension of Time**

Finally, Plaintiff filed a Motion for Extension of Time (ECF No. 41) which asks the Court to extend the Case Management Order's discovery completion deadline for 120 days to permit him to complete discovery.  Defendants do not object to the requested extension of time. (ECF No. 42).  The Court will deny this motion without prejudice.  After appointed counsel has an opportunity to review the file the parties may submit a joint proposal to amend the Case Management Order (ECF No. 30).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order, Defendants' Motion for Protective Order, and Plaintiff's Motion for Extension of Time are **DENIED** without prejudice.  (ECF Nos. 36, 39, 41)

**IT IS FURTHER ORDERED** that

> John F. Mahon, Jr.
> Baker Sterchi Cowden & Rice, LLC - St Louis
> 100 N. Broadway, 21st Floor
> St. Louis, Missouri  63102
> Phone:  314-345-5094

is appointed to represent plaintiff in this matter pursuant to E.D. Mo. Local Rule 12.01(I).  The Clerk of the Court shall provide Plaintiff's appointed counsel with a complete copy of the Court file at no cost.

Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06 and the Administrative Order of February 20, 2019, concerning the Attorney Admission Fee Non-Appropriated Fund.  The Administrative Order as well as form requests for

compensation of services and reimbursement of expenses may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.

**SO ORDERED**.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of November, 2020.

6