# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JEREMY BRADLEY PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-CV-0041 RLW |
| ) | |
| FRANK GITTEMEIER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jeremy Pearson's Motion to Compel Discovery from Defendants. (ECF No. 71). Defendants oppose the Motion and it is fully briefed. For the reasons below, the Court will grant Plaintiff's Motion in part.

## Background

Plaintiff, an inmate at the Moberly Correctional Center in Moberly, Missouri, brings this action under 42 U.S.C. § 1983 against the Missouri Department of Corrections and several prison officials. (ECF No. 55). Plaintiff's Fourth Amended Complaint is comprised of nine counts stemming from an alleged incident in which Defendant Gittemeier sprayed mace on Plaintiff and Defendant Peepers failed to intervene. *Id.* Plaintiff seeks compensatory damages, punitive damages, injunctive relief, costs, and attorneys' fees. *Id.*

## Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move

for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.,* No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

The Federal Rules of Civil Procedure dictate how and when the parties may engage in discovery. *See* Fed. R. Civ. P. 26-37. Federal Rule 33 governs the use of interrogatories in civil cases. Fed. R. Civ. P. 33. Under Rule 33, a party may serve on any other party no more than 25 written interrogatories. Fed. R. Civ. P. 33(a)(1). The responding party must serve its answer and objections within 30 days after being served unless the parties stipulate or the Court orders otherwise. Fed. R. Civ. P. 33(b)(2). Rule 34 governs requests for production of documents. Fed. R. Civ. P. 34. As with interrogatories, the responding party must serve its responses and objections within 30 days absent stipulation by the parties or an order of the Court. Fed. R. Civ. P. 34(b)(2)(A).

**Discussion**

Plaintiff served his first written discovery requests on Defendants on May 20, 2021. (ECF No. 71). Defendants' answers and responses were due no later than June 21, 2021. *See* Fed. R. Civ. P. 33 and 34. Plaintiff filed the present motion on September 14, 2021. (ECF No. 71). Fourteen days later, Defendant Missouri Department of Corrections ("MDOC") served its Objections and Responses to Plaintiff's First Request for Production of Documents. (ECF No. 77-1). Defendants did not answer Plaintiff's interrogatories. (ECF No. 76).

Defendants believe the Court should deny Plaintiff's Motion to Compel because Defendants have produced "a significant amount of discovery" and continue to "work diligently" to complete Plaintiff's First Set of Interrogatories. (ECF No. 76, p. 4). Plaintiff contends, on the other hand, that no defendant has answered Plaintiff's interrogatories and only MDOC has responded to Plaintiff's Requests for Production of Documents. (ECF No. 77). In their Surresponse, Defendants state that Plaintiff agreed to an initial extension of time and that "[n]o subsequent date was ever proposed." (ECF No. 83). Defendants further argue that MDOC's objections and responses to Plaintiff's Requests for Production of Documents were meant to serve as objections and responses for all defendants. (ECF No. 82). Lastly, Defendants state that Plaintiff has not satisfied the requirements of Local Rule 3.04. (ECF No. 83).

As a threshold matter, the Court finds that Plaintiff has satisfied the requirements of Local Rule 3.04. In his Motion, Plaintiff states that counsel for the parties discussed the need for a protective order via telephone on June 30, 2021. (ECF No. 71). In his Reply, Plaintiff further explains that counsel for the parties conferred via telephone on October 15, 2021 to discuss the disputes at issue in the present motion. (ECF No. 77). While such discussions should ordinarily

precede the filing of a motion to compel, an order requiring Plaintiff to amend and refile his motion at this stage would unnecessarily waste time and resources for all involved.

As to the merits of Plaintiff's Motion, Defendants admit they have not responded to Plaintiff's interrogatories, stating merely that "[d]efense counsel continues to work on Plaintiff's first set of interrogatories and has been in contact with all named Defendants." (ECF No. 76, pp. 2-3). Even if Plaintiff agreed to an initial extension of time, Defendants have not adequately explained why—nearly six months after being served with Plaintiff's interrogatories—they still have not provided answers and objections. For these reasons, Defendants shall serve their answers and objections to all outstanding interrogatories by December 6, 2021.

The Court will not address at this time the sufficiency of Defendants' Objections and Responses to Plaintiff's First Request for Production of Documents. Nothing in this Order, however, prohibits Plaintiff from seeking such review in the future. In the meantime, the parties are strongly encouraged to resolve any remaining disputes regarding Defendants' Objections and Responses.

**Conclusion**

For the reasons above, the Court will order Defendants to serve answers and objections to Plaintiff's outstanding interrogatories no later than December 6, 2021. The Court will further require Defendants to serve their responses and objections to Plaintiff's outstanding requests for production of documents by November 24, 2021 or otherwise amend Defendant MDOC's Objections and Responses to reflect that they constitute the objections and responses of all defendants.

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jeremy Pearson's Motion to Compel Discovery (ECF No. 71) is **GRANTED in part**. Defendants shall serve answers and objections to Plaintiff's First Set of Interrogatories no later than **December 6, 2021**. Failure to do so will constitute a waiver of Defendants' right to object to the same.

**IT IS FURTHER ORDERED** that Defendants shall individually serve responses and objections to Plaintiff's First Requests for Production of Documents no later than **November 24, 2021** or otherwise amend by that time Defendant MDOC's Objections and Responses to reflect that they constitute the objections and responses of all defendants.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 71) is **DENIED** in all other respects.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of November, 2021.