## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| JEREMY BRADLEY PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-41 RLW |
| | ) | |
| FRANK GITTEMEIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jeremy Pearson's Second Motion to Compel Discovery. (ECF No. 85). Defendants Frank Gittemeier and Charles Peepers ("Remaining Defendants") oppose the motion. (ECF No. 93). For the reasons below, the Court will grant the motion in part.

### Background

Plaintiff brings this action under 42 U.S.C. § 1983 against the Missouri Department of Corrections and several prison officials. (ECF No. 55). Plaintiff filed the present motion on January 30, 2022. (ECF No. 85). The next day, the Court issued an order dismissing Defendants Dean Minor, Scott Weber, and the Missouri Department of Corrections. (ECF No. 90). The only remaining claims are Counts I, III, IV, and V against Defendant Gittemeier in his individual capacity and Counts II and III against Defendant Peeper in his individual capacity. (ECF No. 89, p. 16).

**Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery.

*See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move

for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in

federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the
> scope of discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to any party's
> claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery
> in resolving the issues, and whether the burden or expense of the
> proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be
> discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SIO3, Inc. v. Musclegen*

*Rsch., Inc.,* No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation

omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation. To that end, either party may compel the other to disgorge whatever facts he has in his

possession." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

The Federal Rules of Civil Procedure dictate how and when the parties may engage in

discovery. *See* Fed. R. Civ. P. 26-37. Federal Rule 33 governs the use of interrogatories in civil

cases. Fed. R. Civ. P. 33. Under Rule 33, a party may serve on any other party no more than 25

written interrogatories. Fed. R. Civ. P. 33(a)(1). The responding party must serve its answer and

objections within 30 days after being served unless the parties stipulate or the Court orders

otherwise. Fed. R. Civ. P. 33(b)(2). Rule 34 governs requests for production of documents. Fed.

2

R. Civ. P. 34. As with interrogatories, the responding party must serve its responses and objections within 30 days absent stipulation by the parties or an order of the Court. Fed. R. Civ. P. 34(b)(2)(A).

"Upon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the objection is not stated in detail." E.D.Mo. L.R. 3.04(C). "The Court will not consider general discovery objections. All objections to written discovery must be stated with specificity." *See* ¶ 6 of Judge White's Requirements, https://www.moed.uscourts.gov/judge/ronnie-l-white.

**Discussion**

The Court granted Plaintiff's First Motion to Compel in part. (ECF No. 84). The Court ordered Defendants to serve answers and objections to all outstanding interrogatories by December 6, 2021. *Id.* The Court declined, however, to address the sufficiency of Defendants' objections and responses to Plaintiff's First Request for Production of Documents at that time. *Id.* Plaintiff now seeks such review. (ECF No. 86). Plaintiff further asks this Court to strike all of Defendants' objections and order Defendants to supplement their discovery responses within seven days of this Order. *Id.* at 10.

The Remaining Defendants argue that the Court's Order of Dismissal (ECF No. 89) mooted most of the discovery disputes in this matter. (ECF No. 93, p. 1). They further argue that the parties have resolved all remaining discovery disputes. *Id.*

**I.   Defendants' Objections**

Plaintiff asks this Court to strike all of Defendants' objections. (ECF No. 86, p. 10). The Remaining Defendants state that such action is unwarranted because the parties have resolved their discovery disputes. (ECF No. 93, pp. 2-3).

It is undisputed that Defendants did not respond to Plaintiff's written discovery on time. It is nevertheless difficult to understand the circumstances surrounding Defendants' delay. The record shows that Defendants' counsel incorrectly calendared dates relating to the case and mistakenly believed in June 2021 that discovery had not begun. (ECF No. 83-1, pp. 1-2). Defendants' counsel also told Plaintiff's counsel in an email that he wanted to get a protective order in place before producing documents. *Id.* Plaintiff's counsel then expressed willingness to "be flexible and accommodate" but indicated her desire to receive certain "non-controversial" items immediately. *Id.* at 1. Thus, the parties agreed to an extension for Defendants' discovery responses but never settled on a particular date. Whatever the deadline was, it appears to have passed by September 14, 2021, when Plaintiff filed his First Motion to Compel. (ECF No. 71).

On November 17, 2021, the Court partially granted Plaintiff's First Motion to Compel and ordered Defendants to serve answers and objections to Plaintiff's interrogatories by December 6, 2021. (ECF No. 84, p. 4). The Court also ordered Defendants to serve responses and objections to Plaintiff's document requests by November 24, 2021. *Id.* While the propriety of Defendants' responses remains in question, there is no evidence that Defendants failed to comply with the Order.

Federal Rule 33(b)(4) states: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." "[W]aiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 223 (N.D.W. Va. 2007) (quoting *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 363 (D. Neb. 2004)). Although Rule 34(b)(2) contains different language from Rule 33(b)(4), "courts uniformly conclude that an objection may be waived if it is not timely raised and good cause for the delay is

not shown." *Talevski v. Carter*, No. 2:05-CV-184, 2007 WL 1797634, at *3 (N.D. Ind. June 18, 2007).

A district court has very wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015) (citations and internal quotation marks omitted). "[M]odern cases trend toward allowing trial courts great discretion in determining whether a waiver of discovery objections has been effected." *Phyllis Schlafly Revocable Tr. v. Cori*, No. 4:16-CV-01631-JAR, 2021 WL 616152, at *2 (E.D. Mo. Feb. 17, 2021) (quoting *CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 328 F.R.D. 231, 235 (N.D. Iowa 2018)).

There is no doubt that Defendants failed to timely respond to Plaintiff's written discovery. There is similarly no doubt that Defendants have nonetheless engaged in discovery and produced hundred of documents. (ECF No. 76, pp. 2-3). This does not excuse Defendants' conduct, as will be demonstrated below. But without more—and considering the lack of clarity surrounding the nature of the delay—the Court is unwilling to strike all of Defendants' objections. The Court notes that the parties have resolved several discovery issues recently (ECF No. 94, p. 4) and insists on further cooperation. Further, in recognition of the discovery delays in this matter, the Court will extend the discovery deadline in a forthcoming order.

## II. Documents Requests 1, 6, 26, 44, 45, and 46

Short of striking all objections, Plaintiff asks this Court to: (1) strike Defendants' objections to Document Requests 1, 6, 26, 44, 45, and 46; (2) order Defendants to provide complete responses to specific document requests; and (3) order Defendants MDOC, Minor, and Weber to provide complete answers to specific interrogatories. (ECF No. 86, p. 3). In light of the Court's

recent Order of Dismissal, Plaintiff clarifies in his Reply that he now seeks review of Document Requests 6, 26, 44, 45, and 46. (ECF No. 94, p. 3).

Before addressing the specific requests, however, the Court notes that the parties have recently resolved several discovery issues. (ECF No. 94, p. 10). The parties shall abide by the provisions of this Order absent a previous agreement relating to the specific requests below.

### Request Number 6

Request Number 6 seeks "all observation/watch logs and records concerning Plaintiff" at Moberly Correctional Center, including those created during his time in the observation cell. (ECF Nos. 86-9 & 86-10). In response, both Defendant Gittemeier and Peeper directed Plaintiff to the documents at Bates Numbers 000326-000372. *Id*. Neither party provided copies of these documents to the Court. Even so, the Court finds that the requested documents are highly relevant to the remaining claims because they may reflect important details about the Remaining Defendants' interactions with the Plaintiff. Accordingly, the Remaining Defendants shall provide to Plaintiff all responsive documents by March 14, 2022, without objection. If the Remaining Defendants are not in possession of such documents, they shall explicitly say so in their responses.

### Request Number 26

Request Number 26 seeks copies of non-privileged correspondence, either written or received by Defendants Gittemeier or Peeper, regarding the allegations in Plaintiff's Fourth Amended Complaint. *Id*. Defendants Gittemeier and Peeper objected to Request Number 26 because it contains no search limitations. *Id*. They nevertheless directed Plaintiff to the documents at Bates Numbers 000384-000396. *Id*. Again, the Court does not have copies of these documents.

The Court overrules Defendants' objection. The requested documents are essential to the remaining claims and Plaintiff's request is appropriately narrow. Plaintiff seeks only those

documents written or received by the Remaining Defendants regarding the allegations contained in the Fourth Amended Complaint. The request contains an implicit time limitation because nearly all the events described in the Complaint occurred on a specific date and the Remaining Defendants would know at this stage in the litigation whether they corresponded about such events prior to their occurrence. If they did, those communications are clearly and appropriately contemplated by the request. If they did not, the request would necessarily cover the date in question and every day since. What is more, Plaintiff avers in his Reply that the parties have already agreed on search terms. (ECF No. 94, pp. 4-5).

The Remaining Defendants shall provide to Plaintiff all responsive documents by March 14, 2022, without further objection. If the Remaining Defendants are not in possession of such documents, they shall explicitly say so in their responses.

### *Request Numbers 44 and 45*

Request Numbers 45 and 45 seek documents concerning any employment-related proceedings involving Defendants Gittemeier and Peeper relating to use of force and/or failure to provide medical care to an inmate. *Id.* Defendants Gittemeier and Peeper objected to the request to the extent it seeks publicly available documents. Defendants also objected to the term "remedial action" as "not sufficiently defined." *Id.*

The Court overrules Defendants' objections. The requested documents are undoubtedly relevant to the claims at hand. While some responsive documents may be publicly available, Defendants Gittemeier and Peeper would necessarily know better than Plaintiff where such documents could be found.

As for the term "remedial action," Plaintiff need not provide a definition. When objecting to a request based on vagueness or ambiguity—which the Court assumes must be basis of

Defendants' objection—the objecting party has the burden to show such vagueness or ambiguity. *StoneEagle Servs., Inc. v. UMB Bank, N.A.*, No. 4:15-MC-0904-NKL, 2015 WL 2452926, at *5 (W.D. Mo. May 22, 2015) (citation omitted). "A party responding to discovery should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the discovery requests." *Id.* (quoting *McKellips v. Kumho Tire Co., Inc.*, 2015 WL 1706564, at *23 (D.Kan. April 15, 2015)) (internal quotation marks omitted). The term "remedial" is defined as "providing or offering a remedy, tending to relieve or redress something." *Remedial*, <u>Oxford English Dictionary</u> (3rd ed. 2020). The Court finds no vagueness or ambiguity in the term, especially in the context of Plaintiff's request.

The Remaining Defendants shall provide to Plaintiff all responsive documents by March 14, 2022, without further objection. If the Remaining Defendants are not in possession of such documents, they shall explicitly say so in their responses.

### *Request Number 46*

Request Number 46 seeks "[a]ll documents reflecting on-duty and off-duty staff at the time the incidents described in the Fourth Amended Complaint, including but not limited to staffing logs and timesheets." *Id.* Defendants assert the request is not reasonably calculated to lead to admissible evidence insofar as it seeks information about "off-duty" staff. *Id.*

The Court overrules Defendants' objection. The language "not reasonably calculated to lead to admissible evidence" is outdated. The phrase stems from an older version of the Federal Rules of Civil Procedure. *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 858 (E.D. Mich. 2017) (citation omitted). The current and amended version of Rule 26(b)(1) does not contain such limiting language. *Id.* (citing *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at

*2 (S.D.N.Y. Feb. 28, 2017). In fact, Rule 26(b)(1) explicitly states: "Information within this scope of discovery need not be admissible in evidence to be discoverable."

The Remaining Defendants shall provide to Plaintiff all responsive documents by March 14, 2022, without further objection. If the Remaining Defendants are not in possession of such documents, they shall explicitly say so in their responses.

### III. Supplemental Discovery

Lastly, Plaintiff asks this Court to order the Remaining Defendants to provide certain supplemental discovery within 7 days of this Order. (ECF No. 86, p. 9). Considering the rapidly approaching trial date in this matter, and Defendants' unnecessary discovery delays, the Court will do so. The Remaining Defendants shall supplement their discovery responses in accordance with the terms set forth in Section III of Plaintiff's Reply. (ECF No. 94, pp. 4-5).

### Conclusion

The Defendants have caused undue delay in this matter. While the Court will not strike all of Defendant Gittemeier and Peeper's objections, it will require them to supplement discovery in accordance with the terms of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jeremy Pearson's Second Motion to Compel (ECF No. 85) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Defendants Frank Gittemeier and Charles Peeper shall supplement their responses to Plaintiff's Request for Documents in accordance with Section II of this Order no later than March 14, 2022.

**IT IS FURTHER ORDERED** that Defendants Frank Gittemeier and Charles Peeper shall produce the documents identified in Section III of Plaintiff's Reply (ECF No. 94, pp. 4-5) no later than March 14, 2022 if they have not already done so.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 7th day of March, 2022.

10