# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| JEREMY B. PEARSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-CV-00041-RLW |
| FRANK GITTEMEIER, et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR DEFAULT

Defendants Frank Gittemeier and Charles Peeper, through undersigned counsel, hereby respond to Plaintiff's Request for Clerk to Enter Default. (Doc. 123). Plaintiff's request should be denied as Defendants have otherwise responded to and defended against Plaintiff's Fourth Amended Complaint.

Rule 55 of the Federal Rules of Civil Procedure (the Rules) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In the instant case, Defendants have unintentionally failed to file an answer, but have asserted meritorious defenses that should be heard in the interest of justice. Further, Plaintiff has shown no prejudice which would result if this request is denied.

Rule 55(c) provides that the district court may set aside an entry of default "[f]or good cause shown," and may set aside a default judgment "in accordance with Rule 60(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); Fed. R. Civ. Pro. 55(c). Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions ... hold that relief from a default judgment requires a stronger

showing of excuse than relief from a mere default order." *Id.* (quoting *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir.1990). There is a "judicial preference for adjudication on the merits," *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993), and "it is likely that a party who promptly attacks an entry of default…was guilty of an oversight and wishes to defend the case on the merits." *Johnson* at 784.

In *Johnson*, the Eighth Circuit reversed the district court's order granting default after defendant Dayton Electric failed to file a timely response to plaintiff Johnson's complaint. *Johnson*, 140 F.3d at 783. The Eighth Circuit focused on three factors: 1) whether the defaulting party's delay was simply caused by inadvertence, mistake, or carelessness or whether the delay was contumacious or intentional; 2) whether the defaulting party has a meritorious defense; and 3) whether the other party would be prejudiced if default were excused. *Id* at 784. It was determined that Dayton Electric, the defaulting party, was careless in how they handled the filing and risked "precisely the adverse result rendered by the district court," but that the delay was good-faith and relatively brief. *Id* at 784-85. They found that Dayton Electric had a meritorious defense and that, when a default judgment "precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal." *Id* at 785. Finally, they found that delay alone could not cause prejudice and that setting aside a default would have to result in a more concrete prejudice, such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. (citing *Berthelson v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

The case here is strikingly similar. Defendants concede they were careless in not having filed their answer by the deadline, but, just like defendant Dayton Electric, the Defendants here have not shown any ill will or any contumacious disregard for this Court or its orders. Also like Dayton Electric, the Defendants here have asserted multiple meritorious defenses, most recently

2

in their Motion for Summary Judgment. (Doc. 109). "Such a showing underscores the potential injustice of allowing the case to be disposed of by default…thus triggering the incessant command of a court's conscience that justice be done in light of all the facts." *Johnson*, 140 F.3d at 785 (internal citations omitted). Finally, Plaintiff has not alleged any prejudice would result if default were not granted.

Defendants again concede they were careless in not having filed an answer by the due date but, as shown above, this was not done intentionally or with any ill regard for the Court. Additionally, Defendants have meritorious defenses which deserve to be heard in the interest of justice, particularly as Plaintiff has not alleged any prejudice which would result if default were not granted.

WHEREFORE, for the foregoing reasons, Defendants request the court deny Plaintiff's request for entry of default.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/Matthew W. Vineyard*
Matthew W. Vineyard
Assistant Attorney General
Missouri Bar No. 68814
P.O. Box 899
Jefferson City, MO 65102
(573) 751-3424
(573) 751-9456 (fax)
Matthew.Vineyard@ago.mo.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served it on all counsel of record.

/s/Matthew W. Vineyard
Matthew W. Vineyard
Assistant Attorney General