UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JEREMY BRADLEY PEARSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-CV-41 RLW |
| FRANK GITTEMEIER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment. (ECF No. 165). Defendants have not filed a response and the time to do so has passed. The Court will deny the motion for the reasons below.

### Background

This case stems from a use-of-force incident that occurred when Plaintiff was an inmate at Moberly Correctional Center ("MCC") in Moberly, Missouri. (ECF No. 55). On July 6, 2022, this Court granted Defendants Frank Gittemeier and Charles Peeper's Motion for Summary Judgment. (ECF No. 163). The Court concluded that Defendants were entitled to qualified immunity on all claims under 42 U.S.C. § 1983 and that Plaintiff could not satisfy the elements of his tort claims against Defendant Gittemeier. *Id.* at 20.

### Discussion

Plaintiff now asks the Court to alter or amend its July 6, 2022 Order and Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Id.* at 1. Plaintiff makes two arguments in support of his motion. First, Plaintiff asserts that the Court failed to fully consider the affidavit

attached to his Memorandum in Opposition. *Id.* at 1-3. Second, Plaintiff argues that his affidavit, when fully considered, establishes genuine issues of material fact. *Id.* at 3-6. The Court disagrees.

*Rule 59(e)*

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id*.

*Plaintiff's Affidavit*

Plaintiff argues that the Court improperly disregarded his affidavit as self-serving. (ECF No. 166). Plaintiff misunderstands the Court's analysis. A review of the Court's Memorandum and Order reveals that the Court appropriately considered Plaintiff's affidavit but determined that it did not create a dispute of material fact. The Court explained throughout its Order that Plaintiff's affidavit simply did not constitute sufficient evidence to survive Defendants' Motion for Summary Judgment:

> The mere existence of some alleged factual dispute is not enough to survive a motion for summary judgment. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. At this stage, Plaintiff cannot rely on allegations or denials—he must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor. *Carter*, 956 F.3d at 1059. Drawing all justifiable inferences in Plaintiff's favor, the Court finds Plaintiff has not done so. *See Celotex Corp.*, 477 U.S. at 331.

2

(ECF No. 163 at 14).

> Even if Plaintiff could rely on his own allegations, his statements regarding the incident are inconsistent. On January 21, 2019, Plaintiff reported he did not know whether he had a seizure: "Either I passed out or I had a seizure . . . . The camera footage will tell you if I had one." (Pl. Ex. 5 at p. 18). Plaintiff did not report any facial injuries. *Id*. On January 23, 2019, Plaintiff reported losing consciousness during the January 13 incident but failed to mention any damage to his nose or sinuses. *Id*. at 8. Similarly, Plaintiff's Informal Resolution Request from the same day mentions a seizure but is quiet regarding facial injuries. *Id*. at 23. Further, despite Plaintiff's assertions to the contrary, the record establishes that Plaintiff suffered nasal and sinus issues before the January 13, 2019 incident. (Pl. Ex. 5 at 3; Def. Ex. K at 1, 2, 4, 6, 7)
>
> At the summary judgment stage, Plaintiff cannot rely on mere allegations or denials—he must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor. *Carter*, 956 F.3d at 1059. Plaintiff has not done so. A reasonably jury could not return a verdict in Plaintiff's favor on the record currently before the Court. *See Anderson*, 477 U.S. at 248.

*Id.* at 18. Notably, the Court does not state at any point that Plaintiff's affidavit should be ignored.

Plaintiff cites several cases for the proposition that the Court improperly disregarded his affidavit. Those cases do not support a finding in Plaintiff's favor. For example, in *Bass v. City of Sioux Falls*, the Eighth Circuit determined that the district court improperly refused to consider plaintiff's affidavit at the summary judgment stage. 232 F.3d 615, 618 (8th Cir. 1999). *Bass* is inapposite. This Court did not refuse to consider Plaintiff's affidavit. As explained above, the Court explicitly considered Plaintiff's affidavit and determined that it did not create a dispute as to any material fact. Indeed, the Court acknowledged in its Order that Plaintiff's affidavit was evidence: "Unfortunately for Plaintiff, there is no evidence *outside of his own statements* that he experienced such injuries or informed Peeper." (ECF No. 163 at 18) (emphasis added).

At bottom, the Court considered Plaintiff's affidavit and determined that a reasonably jury could not return a verdict in Plaintiff's favor on the record before the Court. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). The Court made no manifest errors of law or fact. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Thus, Plaintiff is not entitled to relief under Rule 59(e) on the basis that the Court allegedly disregarded his affidavit.

### *Disputed Facts*

Plaintiff argues that, had the Court fully considered his affidavit, the Court would have denied Defendants' Motion for Summary Judgment. (ECF No. 166 at 3). Here again, Plaintiff's argument is based on the mistaken belief that the Court disregarded his affidavit. For the reasons already stated above, that argument is without merit. The Court considered Plaintiff's affidavit and determined that it did not create any dispute of material fact.

Plaintiff also argues that the Court should have considered the written statements of inmates Gary Shields and Dustin Burgess. (ECF No. 166 at 4-5). Those statements were attached to Plaintiff's First Amended Complaint. (ECF No. 8-1). The operative complaint in this case is Plaintiff's Fourth Amended Complaint. (ECF No. 55). It is well established that an amended complaint supersedes an original complaint in all relevant aspects. *See, e.g., Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("When a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect."); *Evans v. Tolliver*, No. 4:19-CV-2416 SPM, 2019 WL 5085767, at *1 (E.D. Mo. Oct. 10, 2019) ("[A]n amended complaint supersedes an original complaint in all relevant aspects. Thus, if plaintiff wishes to refer to an exhibit in her amended complaint, she must attach the exhibit to her amended pleading.").

Plaintiff did not attach the Shields or Burgess statements to his Fourth Amended Complaint. Thus, they were not properly before the Court. *See Evans*, 2019 WL 5085767, at *1.

What is more, Plaintiff did not cite or even mention the written statements in his Memorandum in Opposition. (ECF No. 66). Local Rule 4.01(E) requires the party opposing a motion for summary judgment to set forth disputed facts "with specific citation(s) to the record, where available, upon which the opposing party relies." The Eighth Circuit has consistently held that Rule 59(e) motions cannot be used to raise arguments that could have been raised prior to the entry of judgment. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). Plaintiff could have attached the Burgess and Shields statements to his Fourth Amended Complaint. Plaintiff could then have cited to them in his Memorandum in Opposition. Plaintiff chose not to do so. Plaintiff's error is not grounds for relief under Rule 59(e).

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Alter or Amend Judgment. (ECF No. 165).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter of Amend Judgment is **DENIED**. (ECF No. 165)

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of March, 2023.

5